IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> C.P. CARE ASSOCIATES, LLC, ) <br> d/b/a ROCKY RIDGE MANOR, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. 08-3351-CV-S-JCE <br><br> COMPLAINT <br><br> JURY TRIAL DEMAND |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Katie Calhoun and similarly situated former female employees adversely affected by the unlawful employment practices alleged herein. The Complaint alleges that Defendant C.P. Care Associates, LLC, d/b/a Rocky Ridge Manor, a nursing home facility located in Mansfield, Missouri, subjected Katie Calhoun, then age 19, and similarly situated female employees to unlawful sexual harassment by Defendant's Administrator, Ron Jarrett, then age 39, thereby altering the terms or conditions of employment, and, further, that Defendant subjected Katie Calhoun, who was employed as a dietary aide, to intolerable working conditions, thereby resulting in her unlawful constructive discharge, all in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)("Title VII"), and Section 102(d) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Missouri, Southern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant C.P. Care Associates, LLC, d/b/a Rocky Ridge Manor ("Defendant"), a Missouri corporation operating as a nursing home facility, has continuously been doing business in the State of Missouri, Wright County, and has continuously employed at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Katie Calhoun filed a charge with the Commission alleging sexual harassment and constructive discharge by Defendant in violation of Title VII. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) by:

(a) subjecting Katie Calhoun to unlawful sexual harassment, including offensive comments, unwanted touching, and physical assault, by Defendant's nursing home Administrator, Ron Jarrett, which was unwelcome, sexual in nature, directed at Calhoun because of her sex, and sufficiently severe or pervasive to create a hostile working environment for Calhoun, thereby altering the terms or conditions of her employment, and failing to take prompt and appropriate corrective action;

(b) subjecting similarly situated female employees to unlawful sexual harassment, including offensive comments and unwanted touching, by Defendant's nursing home Administrator, Ron Jarrett, which was unwelcome, sexual in nature, directed at such similarly situated female employees because of their sex, and sufficiently severe or pervasive to create a hostile working environment, thereby altering the terms or conditions of their employment, and failing to take prompt and appropriate corrective action;

(c) constructively discharging Calhoun on or about May 23, 2006, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a) because of her sex by creating intolerable working conditions for Calhoun.

8. The effect of the unlawful employment practices complained of in paragraph 7(a) and (c), above, was to deprive Katie Calhoun of equal employment opportunities and otherwise to adversely affect her status as an employee because of her sex in violation of Title VII.

9. The effect of the unlawful employment practices complained of in paragraph 7(b), above, was to deprive similarly situated female employees of equal employment opportunities and otherwise to adversely affect their status as employees because of their sex in violation of Title VII.

10. The unlawful employment practices complained of in paragraphs 7(a)-(c), above, were intentional.

11. The unlawful employment practices complained of in paragraphs 7(a)-(c), above, were done with malice or with reckless indifference to the federally protected rights of Katie Calhoun and similarly situated female employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its related entities, officers, successors, assigns, and all persons in active concert or participation with it, from engaging in harassment, intimidation, constructive discharge and any other employment practice which unlawfully discriminates on the basis of sex.

B. Order Defendant, its related entities, officers, successors, assigns, and all persons in active concert or participation with it, to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Katie Calhoun and similarly situated female employees whole by providing compensation for past and future pecuniary losses resulting from its unlawful employment practices herein alleged in amounts to be determined at trial.

D. Order Defendant to make Katie Calhoun and similarly situated female employees whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices herein alleged, including compensation for emotional pain, suffering, loss of enjoyment of life, loss of reputation, inconvenience, and humiliation, in amounts to be determined at trial.

E. Order Defendant to make Katie Calhoun whole by providing appropriate back pay with prejudgment interest and front pay in lieu of reinstatement, and other affirmative relief as necessary to eradicate the effects of its unlawful employment practices herein alleged in amounts to be determined at trial.

F. Order Defendant to pay punitive damages to Katie Calhoun and similarly situated female employees for its malicious and reckless conduct herein alleged in amounts to be determined at trial.

G. Grant such other and further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

BARBARA A. SEELY
Regional Attorney
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7914
(314) 539-7895 (fax)
barbara.seely@eeoc.gov

/s/ Rebecca S. Stith
REBECCA S. STITH
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7917
(314) 539-7895 (fax)
rebecca.stith@eeoc.gov